Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 190503-8504
DATE: August 31, 2021

ORDER

Entitlement to an initial disability rating in excess of 50 percent for posttraumatic stress disorder (PTSD) with unspecified depressive disorder is denied.

Entitlement to service connection for head trauma with loss of consciousness, loss of hair, memory issues and migraines is denied.

FINDING OF FACT

1. The overall evidentiary record shows that the severity of the Veteran's psychiatric disability most closely approximated the criteria for a 50 percent disability evaluation for the period on appeal.

2. The evidence shows that at no point during the period on appeal, did the Veteran have any diagnosable disorder due to head trauma capable of VA compensation.

CONCLUSION OF LAW

1. The criteria for entitlement to an initial disability rating in excess of 50 percent for posttraumatic stress disorder (PTSD) with unspecified depressive disorder have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.7, 4.126, 4.130, Diagnostic Code (DC) 9411.

2. The criteria for entitlement to service connection for head trauma with loss of consciousness, loss of hair, memory issues and migraines are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1982 to August 1988. These matters come before the Board of Veterans' Appeals (Board) on appeal from an April 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for appealing VA decisions. Therefore, this decision is written consistent with the new AMA framework. Specifically, because the Veteran selected the Direct Review lane, the Board's decision is based on the evidence of record at the time of the April 2019 rating decision on appeal.

The issues on appeal were previously before the Board in January 2020. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court) which, in a March 2021 Joint Motion for Partial Remand (JMPR), vacated the portion of the Board's January 2020 decision that denied entitlement to service connection for head trauma with loss of consciousness, loss of hair, memory issues and migraines; and, entitlement to an initial disability rating in excess of 50 percent for posttraumatic stress disorder (PTSD) with unspecified depressive disorder, and remanded the claims for action consistent with its decision.

1. Entitlement to an initial disability rating in excess of 50 percent for posttraumatic stress disorder (PTSD) with unspecified depressive disorder

The Veteran is in receipt of a 50 percent disability rating for PTSD, effective October 10, 2018. The Veteran contends she is entitled to a rating in excess of 50 percent for 2019 and early 2020 due to the symptoms from her PTSD. See March 2020 Notice of Disagreement. The Veteran referenced a hospitalization at the Richmond VAMC that she stated was not considered for her January 2020 Board decision. See March 2020 VA Form 21-4138. The Veteran's representative argues that the Veteran's outstanding VA treatment records may support a 70 percent or greater disability evaluation. See March 2021 JMPR.

Under Diagnostic Code 9411, a 50 percent rating is warranted when there is occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and, difficulty in establishing and maintaining effective work and social relationships. Id.

A 70 percent rating is prescribed when there is evidence of occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work like setting); and inability to establish and maintain effective relationships. Id.

A 100 percent rating is prescribed when there is evidence of total occupational and social impairment due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations, grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation as to time or place; and memory loss for names of close relatives, own occupation, or own name. Id.

The list of symptoms under the rating criteria are meant to be examples of symptoms that would warrant the rating, but are not meant to be exhaustive, and the Board need not find all or even some of the symptoms to award a specific rating. Mauerhan v. Principi, 16 Vet. App. 436, 442-43 (2002). However, a Veteran may only qualify for a given disability rating under § 4.130 by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration, and that such symptoms have resulted in the type of occupational and social impairment associated with that percentage. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 117-18 (Fed. Cir. 2013).

Under the General Formula for Mental Disorders (General Formula), the Board must conduct a "holistic analysis" that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013).

Following a complete review of the appellate record, the Board finds that the Veteran's psychiatric symptoms have not caused the level of impairment required for a disability rating of 70 percent or higher during the period on appeal. The Veteran's symptoms more closely approximated the symptoms associated with a 50 percent rating, and resulted in a level of impairment that most closely approximated the level of impairment associated with a 50 percent rating.

Evidence of record does not show deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood. As noted in the January 2020 Board remand, the March 2019 VA examiner noted that the Veteran had been married to her husband for sixteen years and has one daughter living at home. The Veteran reported that she "enjoy[s]being at home, and I don't do much outside the home." She reported that she regularly rides two horses. She also reported maintaining regular contact with her mother and brother and maintaining contact with friends by telephone and social media. She also indicated she had been working as a school nurse in a high school for seventeen years, and that she also supervised a school club.

The Veteran urged the Board to look at the Richmond VAMC treatment records and the Hunter Holmes McGuire Hospital. Upon a thorough review, these records do not support a disability rating higher than 50 percent. The Board has reviewed the Skills Training in Affective and Interpersonal Regulation (STAIR) group therapy sessions from March 2019 through May 2019 and have concluded that the Veteran's psychiatric disability most closely approximated the criteria for a 50 percent disability rating. To illustrate, the March 2019 session notes the Veteran presented on time, alert and oriented to person, place, time, and situation, with anxious mood with congruent affect. The Veteran appropriately participated in the group and denied suicidal or homicidal ideations. This assessment is consistent throughout the months of group therapy, shown in May 2019 when the Veteran was seen as possessing a linear and logical and goal directed thought process. In the final session of May 2019, the Veteran exhibited no delusions or paranoid thoughts, and insight and judgment were intact. The July 2019 psychiatric follow up notes the Veteran had good hygiene, but that her panic attacks have increased to weekly. 

In assessing the Veteran's symptomatology in toto as to the entire period on appeal, the Board finds that none of the findings rendered by previous VA examiners, nor any other relevant evidence of record informs the Board of a symptomatology that warrants a rating in excess of what has been contemplated and assigned. The evidence shows that the Veteran did not show symptoms such as speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence);spatial disorientation; suicidal ideation; or, neglect of personal appearance and hygiene to name a few of the criteria. The Board specifically notes that panic attacks more than once per week are contemplated by the 50 percent rating.

Lastly, the Veteran mentioned she was hospitalized in August of 2019 for major severe depression and PTSD related to military sexual trauma. See March 2020 VA Form 21-4138. The pertinent regulation is as follows: A temporary total disability rating (100 percent) will be assigned when it is established that one or more service-connected disabilities has required hospital treatment in a VA or an approved hospital for a period in excess of 21 days or hospital observation at VA expense for a service-connected disability for a period in excess of 21 days. 38 C.F.R. § 4.29. The record contains a report of hospitalization with an admission date of August 28, 2019 and a discharge date of August 30, 2019 due to anxiety disorder, NOS. This does not meet the criteria for a temporary total disability rating because the duration of the hospital stay was 2 days.

For the reasons stated above, the Board finds that the weight of the evidence establishes that the Veteran's PTSD has most closely approximated the 50 percent criteria for this period on appeal, and her appeal seeking a higher disability rating is denied. As the preponderance of the evidence is against the assignment of a higher rating, the benefit-of-the doubt doctrine is not applicable. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

2. Entitlement to service connection for head trauma with loss of consciousness, loss of hair, memory issues and migraines is denied.

Service connection

Generally, to establish service connection on a direct basis, a Veteran must show: (1) a present disability; (2) an in-service incurrence of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred during service, the so-called "nexus" requirement. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303; see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). All elements must be satisfied to achieve direct service connection.

A Veteran is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence on any issue material to the claim. See 38 U.S.C. § 5107 (2012); 38 C.F.R. § 3.102 (2017) (providing, in pertinent part, that reasonable doubt will be resolved in favor of the veteran). When the evidence supports the claim or is in relative equipoise, the claim will be granted. See Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990); see also Wise v. Shinseki, 26 Vet. App. 517, 532 (2014). If the preponderance of the evidence weighs against the claim, it must be denied. Id.; Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

The Veteran contends that service connection is warranted for this claimed disability owning to an injury in service. Specifically, she asserts that she was on a vehicle that suddenly accelerated while she was on top of the vehicle while stationed in Germany. She says she was eventually thrown from the vehicle and suffered loss of consciousness. She remembers waking up in the hospital and the doctors treating her injuries. She further states that she was put on profile for a period of time, but received no other treatment. See March 2020 VA examination.

Notably, the Veteran's service treatment records (STRs) are grossly unremarkable for any complaints, treatments, or diagnosis of any injuries owning to head trauma. Furthermore, her post-service treatment records are equally unremarkable for any medical diagnosis owing to head traumaincluding sustained during her time in service and in the manner alleged. The Veteran's STRs contain copious medical complaints & treatments for various ailments, including multiple notes from Wiesbaden AB medical facilities; however, there is no mention of back issues, head trauma or loss of consciousness. The May 1985 STR contains a complaint of unusual hair loss. However, this was in the context of a gynecological visit, not a head injury. Likewise, the August 1986 STR contains a complaint of sore throat, swollen glands, headache, and nausea. However, this was due to strep throat, not a head injury. Further, the June 1984 STR specifically indicates the Veteran is negative for head trauma.

The Veteran's representative argues that the Veteran's outstanding VA treatment records may show that the Veteran has a current diagnosis of a disability owning to head trauma. See March 2021 JMPR. Upon review of these records, the Board finds no evidence to support a current diagnosis of a disability owning to head trauma. Throughout the referenced STAIR group, the Veteran denied any memory problems. See e.g. July 2019 VA treatment record; August 2019 VA treatment record.

Without a showing of a current disability, the claim for service connection for head trauma with loss of consciousness, loss of hair, memory issues and migraines must be denied. "Congress specifically limits entitlement to service-connected disease or injury where such cases have resulted in a disability... in the absence of a proof of present disability there can be no claim." Brammer, 3 Vet. App. at 225.

The first element of service connection, as well as the second element of a direct service connection claim, an in-service incurrence, has not been established by the evidence. The March 2020 VA examiner explained that no notes were identified referring to an event in which the Veteran fell off a vehicle and hit her back and her head which resulted in a loss of consciousness. The Veteran also stated that she was put on profile as a result. The record contains a physical profile to which the Veteran may be referring. The Veteran was placed on a temporary profile, dated February 1984, due to "Bilateral stress Fx pelvic rami." The record does not contain any emergency room treatment records from Germany or any physical profile referring to a motor vehicle accident, fall, or head injury.

For the foregoing reasons, the claim of service connection for head trauma with loss of consciousness, loss of hair, memory issues and migraines must be denied. The preponderance of the evidence is against the Veteran's claim, and the benefit-of-the-doubt doctrine does not apply. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board R. Nelson, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.